IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 5:16cr3-RH

LEWIS JONES, III,
LARRY BERNARD GILMORE, and
MICHAEL BERNARD GILMORE,

    Defendants.

_____/

## ORDER DENYING THE MOTIONS FOR A NEW TRIAL

Four individuals participated in a series of jewelry-store robberies. Following their indictment, one of the defendants, Abigail Kemp, entered a guilty plea and cooperated with prosecutors. The other three, Lewis Jones III, Larry Bernard Gilmore, and Michael Bernard Gilmore, went to trial. The evidence of their guilt was overwhelming. The jury convicted all three on all charges.

The three defendants promptly moved for a new trial. They asserted the verdict was against the great weight of the evidence. The motion was denied. The defendants were sentenced. They appealed. The appeals are pending.

Meanwhile, back in the district court, each of the three defendants has filed another motion for a new trial. The motions are nearly identical. The defendants say they have newly discovered evidence that Ms. Kemp participated in a different crime—a grocery-store robbery—prior to the bank robberies. This is important, the defendants say, because on cross-examination during the trial of this bank-robbery case, Ms. Kemp denied having previously participated in any other robbery. She testified that the defendants trained her on how to commit the bank robberies—training that, they now seem to assert, would have been unnecessary for a person who committed an earlier grocery-store robbery.

Federal Rule of Criminal Procedure 33 allows a court to grant a new trial based on newly discovered evidence. But a new trial should not be granted lightly. "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc). To obtain a new trial based on newly discovered evidence, the defendant must demonstrate that the evidence satisfies this five-part test:

> (1) the evidence must be discovered following the trial; (2) the movant must show due diligence to discover the evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material to issues before the court; and (5) the evidence must be of such a nature that a new trial would probably produce a new result.

*United States v. Taohim*, 817 F.3d 1215, 1223 (11th Cir. 2013). In *Taohim*, the court affirmed the denial of a motion for a new trial based on newly discovered evidence that several key witnesses received whistleblower payments.

Here the defendants' allegedly new evidence falls far short. The evidence is a crime-stoppers photograph taken at the scene of the unrelated grocery-store robbery—a photograph the defendants say shows Ms. Kemp. The defendants say the photograph also shows Lewis Jones III—one of the three defendants who went to trial in the bank-robbery case. The defendants have not explained how Ms. Kemp's participation in the grocery-store robbery could have been unknown to Mr. Jones. Nor have they explained how admitting evidence of the grocery-store robbery could have helped the defendants—the evidence would have further incriminated Mr. Jones and would not have helped the Gilmores, who, the evidence showed, were closely associated with Mr. Jones. The prejudicial impact of the grocery-store evidence likely would have dwarfed its comparatively minor impeachment value.

The defendants have not met the five-part test.

First, it is unclear that the evidence was actually discovered after the trial. If the photograph depicts what the defendants say it depicts—both Ms. Kemp and Mr. Jones as participants in the grocery-store robbery—then Mr. Jones knew of Ms. Kemp's role in that robbery. Given the close cooperation among the

defendants and their attorneys in defense of the bank-robbery trial, it is likely the other defendants knew about this, too. If the defendants knew about the grocery-store robbery, they may have known about the crime-stoppers photo.

Second, in light of Mr. Jones's knowledge of the grocery-store robbery, with diligence he surely could have discovered the crime-stoppers photo and perhaps other evidence of the robbery. The other defendants, through their cooperation with Mr. Jones, probably could have discovered this, too.

Third, evidence of Ms. Kemp's participation in the grocery-store robbery would have been primarily if not entirely impeaching. Indeed, the defendants characterize it that way, asserting the evidence would have undermined Ms. Kemp's credibility.

Fourth, the evidence was barely material, if material at all. That Ms. Kemp participated in a grocery-store robbery with Mr. Jones tells one nothing about whether Ms. Kemp later participated in a series of bank robberies with Mr. Jones and the Gilmores. Nor does participation in a grocery-store robbery indicate that a person needs no training on how to participate in a jewelry-store robbery.

Fifth, and most importantly, evidence of Ms. Kemp's participation in the grocery-store robbery would not have produced a different result. The evidence of the defendants' guilt was overwhelming. Evidence that Mr. Jones participated earlier with Ms. Kemp in a different crime would not have helped Mr. Jones or

even the Gilmores. And even if the evidence would have helped—even if, as the defendants assert, the evidence would have shown that Ms. Kemp gave false testimony about the grocery-store crime—this would have been a small drop in a large bucket. The jury already knew that Ms. Kemp carried a gun, tied up clerks, and filled bags with expensive jewelry during a series of robberies. It probably would have surprised nobody if she falsely denied some other offense—one on which she could still be prosecuted. In any event, Ms. Kemp's credibility turned far more on the government's corroborating evidence, including undeniable evidence that the defendants traveled to the far-flung scenes of the multiple jewelry-store robberies. As anyone who sat through this entire five-day trial would surely conclude, evidence that Ms. Kemp participated in an earlier robbery would not have made a difference.

    The bottom line is this. The jury convicted the defendants after a full and fair trial. The evidence of guilt was overwhelming. The trial was conducted properly in all respects. Another trial would proceed much like this one did, and the verdict would be the same. The defendants' allegedly newly discovered evidence, if admitted at a new trial, would not make a difference. The defendants are not entitled to a new trial.

    For these reasons,

    IT IS ORDERED:

The motions for a new trial, ECF Nos. 323, 325, and 326, and are denied.

SO ORDERED on April 18, 2018.

                                       s/Robert L. Hinkle
                                       United States District Judge